[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this amended petition for a writ of habeas corpus alleging that (1) the respondent has incorrectly calculated the petitioner's presentence confinement and confinement good time credits for the period between March 8, 1991 to September 18, 1994, when he was confined by the State of South Carolina, while a fugitive from charges in the State of Connecticut; and (2) the Board of Parole incorrectly determined that he must serve 85% of his court-imposed sentence before being eligible for parole.
The following facts are not disputed. The petitioner was wanted by the State of Connecticut on a charge of felony murder which was alleged to have occurred on November 7, 1989. Sometime in March, 1991 the Connecticut authorities learned that a person of the name of Everton Jones whose fingerprints matched the petitioner's was being held by the State of South Carolina. A fugitive warrant was prepared and issued but never served.Petitioner's Exhibit 1. The petitioner was then being held on a charge of murder, a South Carolina charge, on which he was subsequently convicted and sentenced. Respondent's Exhibit A.
The conviction was reversed on appeal and the prosecuting authorities determined that because of evidence which would be excluded during a second trial it made such trial impossible to successfully conduct. See Respondent's Exhibit E. A second fugitive warrant was prepared and issued on information that the petitioner would waive extradition. Petitioner's Exhibit 2. The petitioner withdrew his waiver but eventually the waiver was declared valid and the petitioner was returned to Connecticut on September 19, 1994. See Respondent's Exhibit F. The petitioner CT Page 4733 subsequently was convicted of manslaughter on April 25, 1997 and sentenced to twenty (20) years. Petitioner's Exhibit 3. He has been denied any presentence jail time and presentence good time for the period predating his, return to Connecticut on September 19, 1994, See Respondent's Exhibit C, and has been notified by the Board of parole that he must serve 85% of his court-imposed sentence before parole eligibility.
 I.
Although most of the time the petitioner spent in South Carolina was because of a murder charge alleged by South Carolina for which he was convicted and sentenced before said conviction was reversed on appeal, even the short period of time awaiting extradition to Connecticut is clearly not entitled to presentence credits under the language of Conn. Gen. Stat. § 18-98, Johnson v.Manson, 196 Conn. 309, 315; Taylor v. Robinson, 196 Conn. 572,577. Conn. Gen. Stat. § 18-98d which applies to such credits for crimes committed after July 1, 1981 does not charge such authority.
 II.
The court does conclude that the Board of parole notified the petitioner of its determination of eligibility under Conn. Gen. Stat. § 54-125a. Since. P.A. 95-255 authorized the Board to adopt regulations for procedures to classify violent offenders as of July 1, 1996 to ensure that a person convicted of an offense described in subdivision (2) of subsection (b) of this section is not released on parole until such person has served eighty-five percent of the definite sentence imposed by the court. This court finds that it applies to the sentence imposed upon the petitioner on April 25, 1997. Although this amendment adds a limitation to the Board's authority effective as of July 1, 1996, it does not give an inmate any right to demand or even apply for parole nor does it require the Board to actually consider any inmate's eligibility for parole even if he has fulfilled the statute's requirements. Vincenzo v. Warden, 26 Conn. App. 132, 141.
 III.
During the hearing the petitioner claimed that his criminal trial attorney advised him that he would only have to serve 50% of his definite sentence before being eligible for parole although he also stated that the canvassing judge told him that he had no control over that aspect. This claim was not CT Page 4734 anticipated by the court nor the respondent from the petitioner's pleading. Since he should have the advise of counsel not only in presenting such a claim but as to the impact on his sentence, such a claim is left for him to bring in a separate proceeding.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee